Good morning, your honors. May it please the court. My name is Alan Hutchison. I practice immigration law in Reno, Nevada, and I represent the petitioner David Diaz. Your honors, every alien who makes a false claim to U.S. citizenship does so for a purpose. Purpose is one of the words in section 212A6C, and if that is a purpose, that is certainly included in the act. But there's extra words, 15 words after that. But before I discuss those words, I'd like to drop down to the next section, section D. It says, any alien who is a stowaway is inadmissible, period. Nice and clear. If section C said any alien who makes a false claim for citizenship for any purpose is admissible, I wouldn't be standing here before you. But they added purpose or benefit under the act, I'll skip the parentheses, or under any federal or state laws. All right. Well, what is the benefit? We claim the right, we claim working, an alien working to put food on the table to feed his family and pay the rent, he has a right to work. We're not claiming he has a constitutional right to work, but we think the Constitution and the United Nations Charter on Human Rights recognizes that everyone has a right to lawful employment. Yeah, well, the real issue, I guess, is do we limit purpose to benefit or some version of that? And then once we do that, benefit, what do we mean by benefit? Certainly benefit easily includes things like food stamps or things that are handed out as entitlements from the government, I get that. But we have a parenthetical that refers to working, and we've got some BIA decisions and under Chevron, I'm not sure whether we don't have to give them deference. How do you respond to that? Well, you have three other circuits, the fifth, the sixth and the eighth have said that clearly, seeking private employment is within Section 274A of the Act, that's in the parentheses. But when you read that, at least in my little book, it's at least six pages, and all of the responsibilities are on the employer, that it's unlawful for the employer to employ undocumented aliens. And it outlines the procedures they have to follow, it outlines that they require them to sign an I-9. But when you get down to the responsibilities of the employee, it merely states if the employee makes a false statement on the I-9, he is subject to a charge of perjury. Now, why didn't they put that he might be inadmissible? It seems to me that doesn't cover it, Your Honor. If we add... Now, do you claim that the statutory language is so clear that the agency interpretation is not entitled to deference? Well, I find it very ambiguous. But if it's ambiguous, that gets us into Chevron. And tell me what I should do then with the BIA decisions that seem to me to say that seeking private employment based on a claim of U.S. citizenship is a benefit within the meaning of the statute. Well, in most of those cases, they had a signed I-9, Your Honor. In this case, there is no signed I-9 in the record. And in fact, one of the problems we have in this case is there is no record. We merely pleaded in the motion to appear that Mr. Diaz did make a false claim to U.S. citizenship. The government said, well, that's it. You know, the case is closed. But does the statute require that the false claim be made on the particular form, or does it claim only... Does the statute require only that the false claim of citizenship be made? Well, I think we have to at least have to find out what benefits... No, no. Please answer that question. Is the requirement of claim of citizenship in the statute that it must be made on the form, or is it sufficient to violate the statute that the claim of citizenship be made in any form? Well, I would think an admission by Mr. Diaz seems to be sufficient. So the fact that he filled out that there's no form on the record, then, doesn't make any difference. That is to say, if you make the claim of citizenship by, for example, procuring false identity and false Social Security and so on, that then is tantamount to a claim of citizenship. Unless the statute can be read to say that a claim of citizenship violates the statute only when it's done on the particular form, I think he's made the claim, made the claim of citizenship. How do you respond to that? Well, in this particular case, this is an appeal from the Board of Immigration Appeals. The immigration judge, Judge Romnick, wrote a full opinion, cited the cases from the 5th, the 6th, and the 7th, and found him inadmissible. However, the BIA did not accept Judge Romnick's opinion. They made their own opinion and said it's very clear if he signed an I-9, he is inadmissible. And that's all there. It's a very short opinion, and that's all it says. And there is no signed I-9 in the record. So in your view, then, we simply have to remand it. Assuming you lose on the benefit, I'm not asking you to concede that, but assuming you lose on the benefit question, you say at least we need to remand so that the agency relies on evidence that's in the record with respect to claim of citizenship? Yes, I think that we have to do that. And the cases in the 5th, 6th, and 8th circuits, in every case, there was a signed I-9. So, you know, what interpretation we make, but I certainly think... Could you explain to me, you know, it's been a long time since I've been out seeking employment, but what must someone do today in order to gain employment? Employers, you often hear employers asking for I-9s, correct? Well, Your Honor, according to the latest Pew survey, we have at least 8 million undocumented or overstay alias employed in the United States. It's 5% of the entire world. But what is an employer supposed to do? All of my... I have many clients that are undocumented. They're all working. No, no, but... They have false social security... So somebody comes and employs for a job. The employer is supposed to obtain an I-9 verification of right to work? Many of them don't. Many of them are landscaping businesses, small businesses, construction. Everyone has a social security number. And somebody who is not here with papers, you know, doesn't have a green card or some sort of authorization to work, what is someone supposed to do in that position? If, in my experience as a practitioner, most of them obtain fraudulent social security cards, driver's licenses, etc. And they use those. So will employers just accept an oral statement? Many small employers do. Not all of them require... They should have an I-9 file, to the best of my knowledge. Senator, Your Honor, I do want to reserve two minutes for a rebuttal. Everyone out there has some form of documentation that allows them to work. Whether it's legit or fraudulent? A lot of it is fraudulent. Yes, Your Honor. Now, we'll make sure you get a chance to respond. So don't worry that I'm depriving you of your time. It's a very important decision by the BIA. And it's mention of the I-9, of the Form I-9. The BIA writes, Petitioner, his sole contention is not removable inasmuch as a false claim to U.S. citizenship to employment doesn't fall within the statute, period. However, the board held subsequent to the hearing that an alien who represents himself as a citizen on a Form I-9 to secure employment with a private employer has falsely represented himself for purpose of the act. Hence, we disagree with the argument. That is not a reliance on his having filled out an I-9. It's simply describing the holding of the other case. How do you respond to that? Well, I'm not quite sure, Your Honor. It seems to me you either signed an I-9 or you haven't signed an I-9. Well, I understand that. But it does not appear to me as though the BIA in this case has relied for the purposes of his claiming U.S. citizenship on his having signed an I-9. The mention of the I-9 is in the description of the holding of the other case. And in that case, the claim of citizenship was in the I-9. But it doesn't say that this man claimed it in an I-9. Well, I interpret it to claim that if he did not sign an I-9, I don't quite agree with that interpretation, Your Honor. Okay. Well, let's hear from the other side. And although I have just taken you up to your time, we will make sure you get a chance to respond. Okay. Can we go with him? Okay. Thank you, sir. Good morning, Your Honors, and may it please the Court. My name is Victor Lawrence, and I represent the Attorney General. This petitioner admitted that he falsely represented himself to be a citizen of the United States to secure employment with a private employer. He thus has falsely represented himself for a purpose or benefit under the act. Did he just do it orally, or did he do it on an I-9? Well, we don't know, Your Honor, because that— Well, does it make a difference? It does not make a difference. Why not? Because the particular provision at issue 212A6C2 indicates that any alien who falsely represents or who has falsely represented himself to be a citizen of the United States for any purpose or benefit under this chapter, and it has the parenthetical about the employment provision, is inadmissible. It doesn't say any alien who falsely represents himself on an I-9. Of course, though, anyone who does falsely represent themselves on an I-9 is doing the same thing as somebody who falsely represents themselves orally. But to answer your question that you asked to my opposing counsel, yes, under the law, any employer is supposed to have an individual fill out an I-9 to indicate that they have the right to work in the United States. So— Is that every employer? My belief is, yes, every employer—every employer who's employing people in the United States has to have that authorization. So— So if I'm a homeowner employing somebody to take care of my children or to clean my house, and they're not— If you're— Do I have to ask for an I-9? So I don't—I don't want to go into an area where I'm not— I'm just curious. No, no, no. I understand, and I don't want to misrepresent the issue here. But my belief is, yes, that in any case you do have to fill out an I-9. But I don't want to rely on that. If your belief is correct, there are an awful lot of people who are in—an awful lot of employers who are in violation of the law. Well, this is a fact as well. We know this. So the government cannot police every single employment decision in the United States. But what the government does through the Immigration and Nationality Act is it has a particular statute which requires the employer to police this by saying, you can only hire people who are citizens or have the right to work in the United States. Therefore, you must have them fill out this I-9 in which they attest under a penalty of perjury that they have the ability to work in the United States. Now, the I-9 is a red herring issue because, in fact, we have an admission from this court that the employer is a citizen and has represented himself to be a United States citizen for purposes of employment. And that's—all of that is necessary. But now, until—until the petition came to this Court, everybody treated this as if there had been an I-9 in the record. Isn't that true? I don't think that's accurate, Your Honor. I think everybody treated it as if there was an admission that he had indicated— All right. And nobody made the distinction between it having been an oral representation as opposed to having been a representation in an I-9. Am I right? Well, if Your Honor's question is whether there was any discussion about whether it was an oral representation as compared to an I-9, I believe the answer is you are correct. And we do not have any case law, as I understand it, in this circuit that says an oral representation of—a false oral representation of citizenship in this context is enough to make the person removable. We don't have case law to that effect. Your Honor, you have the statute, the Immigration and Nationality Act, and specifically— It doesn't say one way or the other. It doesn't say whether it has to be an oral representation or a representation on an I-9. But, Your Honor, what is the—may I ask, what is the difference? The only difference is that an I-9, a person is signing under penalty of perjury. I follow that. Okay. I follow that. I understand that. And you concede that there is no I-9 in this record? There is no I-9 in the record. All right. Okay. And for our purposes, we have to treat it as if it was an oral representation. Well, you may treat it that way. Well, don't we have to in the absence of an I-9? How can we say it was done in writing if we don't have the exhibit? You don't have an exhibit. So what you're saying is you're automatically presuming that it was an oral representation. I don't know that that's fair either. Whether there was a representation, whether it was oral or written, really doesn't matter. I understand. Because he admits it. I mean, it's one thing if there was a written representation, but he denied that that existed. He's actually admitting that he made this representation. And he made it, Your Honor, to perpetrate a fraud. I understand that. I understand that. And your point is it doesn't make any difference. That's correct. And I understand that position. Sure. Okay. No, and Your Honor, I didn't mean to be argumentative about it. I just wanted to state— That's what you're here for. In a sense, yes. Okay. Here's my problem with the government's position. Sure, Your Honor. It doesn't make any sense to me that benefit under the statute includes working for a private employer. I understand government benefits. I get that. And then the reference to the statute is all kinds of burdens on the employer. I don't see any benefit that is being given to the alien who seeks employment. Well, Your Honor, I really focus on the word purpose rather than benefit. It says if a person falsely represents himself for any purpose or benefit under this chapter, the purpose of an alien misrepresenting himself and falsely representing himself is precisely to obtain employment. And that is, again, an admission of this particular petitioner. He admitted that he is perpetrating this fraud of indicating that he's a United States citizen when he's not for the purpose of obtaining employment. And, you know, yes. So we go to the parenthetical and the parenthetical puts a burden on the employer to ensure that it is hiring a legal person. But a person who misrepresents his citizenship to a private employer does so for the purpose of evading that particular section's prohibition of an employer from hiring aliens who are not authorized to work. So basically, the way the government reads this statute, any alien who does not have a green card who represents himself or herself to be a United States citizen is inadmissible. That's the end of the story. Yes. Yes. And we have, Your Honor, pointed out that there are two board decisions to which the court should substantially defer under Chevron. In addition to the two court decisions and the fifth, sixth, and eighth circuit opinions that my opponent mentioned, there's also the third circuit case in Castro, the fourth circuit case in DeCoura, the sixth circuit case in Ferrans. There's also the 10th circuit case in Ketchar. These are all in our briefs. And the 11th circuit in Joan Chavez. You have the... I've read them. Right, right. So you have the vast majority of circuits, two BIA decisions. And again, whether or not there's an I-9, none of these courts said, oh, well, because it's an I-9 as opposed to an oral representation, then this person has falsely misrepresented themselves. That's not what the court said. In those cases, there happened to be an I-9, and therefore, the courts indicated that, yes, he misrepresented himself on I-9. But it could have just as easily been the same facts of this case, I presume, where the individual could have represented himself orally, perhaps, or we don't have an I-9, but the person admits that they represented themselves as a citizen. So either way, when this court is faced with the, I think, when this court is faced with the actual language of the statute, it certainly seems to imply that anyone who falsely misrepresents themselves for the purpose of obtaining employment in the United States is inadmissible. Then you have the two board decisions to which we would hope that this court would substantially defer. And on top of that, you have the wealth of six or seven other circuit courts across the country who have found under extremely similar facts, although an I-9 might have been present in those cases, that have found under extremely similar facts. The I-9 is sort of referenced in the 13, is it 1324, the parenthetical? Is that the statute? That's the parenthetical, yes. Right. As Judge Fletcher said, all the obligations seem to be on the employer, except when it comes to the I-9, where the person seeking employment has to sign the form to attest that their right to work, which seems to be critical. But it's only critical in the sense that that's the actual administrative, ministerial requirement that the employer must do with particular people who the employer employs. But the only, that statute, the one part of that statute that seems to place an obligation on the person seeking employment is to sign an I-9. Sure, but I think we're getting, if I may, too hyper-technical into the actual subject of that particular provision. Because when they wrote the former provision, 212A6C2, when Congress wrote that and drafted it, it said, any alien who falsely represents himself or falsely represents himself to be a citizen of the United States for purposes of employment, or, excuse me, for a purpose or benefit under this chapter. And then it has, for instance, and it's talking about the employment provision. So it's talking about there, any person who misrepresents himself. It's not talking about the employer's obligation, but they're cross-referencing to the other statute. Right, I understand that. Yeah. And this is, you know, the very same statute and provision that all these other courts, including the BIA, have looked at and come to this conclusion that that absolutely must mean. So with that, I realize I'm out of time, but the government submits that the court should deny this petition for review. Thank you very much. Thank you. Would you please put a minute on the clock? Your Honor, to the best of my knowledge, all of the cases I've read of the other circuits, there was an I-9. In this case, we do not have an I-9. Mr. Diaz is married, has two children, works as a handyman. He has an approved I-130. He's 245I qualified. He has a criminal conviction for receiving stolen goods. That's either a petty offense or there's a waiver available. I think, and there's no record in this case, I think in all fairness to Mr. Diaz, this case should be remanded. There should be a full record to find out what benefits he sought. Did he sign an I-9 or did he not sign an I-9? And then we could make an adequate decision on what is fair in this case. Now, you gave me some form numbers and so on. Does that mean adjustment of status? Is that what you're talking about? Yes, the I-130 means he has an approved immigration petition. 245I means he has the previous petition that was filed before April 30, 2001. I call it the get-out-of-jail-free. You pay an extra fee of $1,000. And even though you entered the United States illegally, that is waived. Right. So, but if the government's position stands here, he's ineligible because he's inadmissible. That's correct. And we break for another family. Yeah, that's the consequence. Okay. Thank both sides for your arguments. Well, I leave it with you, gentlemen. Thank you very much, Your Honor. Diaz-Jimenez v. Sessions, now submitted for decision. The next case this morning, Ordonez-Garay v. Sessions.
judges: Leavy, W. Fletcher, Paez